UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.

VENUS CONCEPT USA INC., a
Delaware corporation,

    Plaintiff,

v.

WILSON GOMER MD PROFESSIONAL
MEDICAL CORPORATION
a California Corporation and
WILSON GOMER
individually,

    Defendants.

_____/

# COMPLAINT

The Plaintiff, VENUS CONCEPT USA INC. ("Plaintiff"), by and through the undersigned counsel, hereby files the instant Complaint against the Defendants, WILSON GOMER MD PROFESSIONAL MEDICAL CORPORATION ("Gomer MD") and WILSON GOMER ("Gomer") (collectively, the "Defendants"), for damages and equitable relief and, as grounds therefore, states, asserts, and alleges as follows:

## JURISDICTION AND VENUE

1. This is an action for damages and other related relief that exceeds Seventy-Five Thousand and 00/100 ($75,000.00) Dollars, exclusive of interest, costs, and attorneys' fees.

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C.§ 1332 on the basis of the amount in controversy exceeding Seventy-Five Thousand and 00/100 ($75,000.00) Dollars and the Plaintiff and Defendants being citizens of different States as outlined below.

4827-1383-3193.1

3. Venue is proper in the Southern District of Florida since the parties agreed to litigate their claims in Miami-Dade County, Florida pursuant to the Subscription Agreement that are subject to this action.

4. Plaintiff is a Delaware corporation conducting business in Miami-Dade County, Florida and with its principal place of business located in Florida.

5. Gomer MD is a corporation in San Bernardino, California.

6. Gomer is a *sui juris* individual over the age of eighteen (18) who resides in California and is the owner of Gomer MD and conducted business in San Bernardino, California and who has guaranteed the performance of Gomer MD's obligations under the Subscription Agreement that is the subject of this action.

## Introductory Statement

7. Plaintiff is a medical aesthetic device company in the business of developing, commercializing and delivering minimally invasive and non-invasive medical aesthetic and hair restoration technologies and devices to its consumers, such as the Defendants. In or around September 2019, Plaintiff provided and delivered its "Venus Versa" system, as well as additional supplies and goods to the Defendants, to which the Defendants received and accepted. As is explained in greater detail below, the Defendants failed to provide Plaintiff the benefit of their bargain and have failed to adequately compensate Plaintiff the reasonable value of the goods and services the Defendants have received, accepted, and enjoyed.

## GENERAL ALLEGATIONS

8. Plaintiff and Gomer MD entered into and executed the "Subscription Agreement" dated September 26, 20019 ("Subscription Agreement") whereby Plaintiff promised to deliver certain medical aesthetic device(s), supplies and services (collectively the "Goods") in

consideration for Gomer MD's promise to pay the "Aggregate Amount" of Eighty-Nine Thousand Five Hundred and 00/100 ($89,500.00) Dollars in certain monthly installments listed in the Subscription Agreement. A true and correct copy of the Subscription Agreement is attached hereto as **Exhibit "A"** and is incorporated into, adopted, and made a part hereof through this reference.

9. On the same day as the execution of the Subscription Agreement, Gomer executed and delivered a Guaranty to Plaintiff ("Guaranty"), wherein Gomer guaranteed the full payment and punctual performance of all obligations of Gomer MD under the Subscription Agreement. A true and correct copy of the Guaranty is included within the Subscription Agreement attached hereto and incorporated within **Exhibit "A"**.

10. Plaintiff delivered all supplies and materials listed in the Subscription Agreement to the Defendants, to which the Defendants received and accepted.

11. Pursuant to the terms of the Subscription Agreement, the Defendants owe the Plaintiff, an aggregate amount of One Hundred Two Thousand Six Hundred Ninety-Four and 23/100 ($102,694.23) Dollars consisting of the remaining value of the Subscription Agreement, plus interest due on all amounts past due at a rate of eighteen (18%) percent per annum, compounded monthly which has accrued since March 25, 2020.

12. The Defendants' failure to make any of the requisite payments due and owing since March 25, 2020 constitutes an event of "Default" under the Subscription Agreement. *See Subscription Agreement,* § 13.a. ("Each of the following is a material default by [the Defendants]: The [Defendants] fail[] to make any payment or pay any other amounts due under this Agreement . . . within ten (10) days after the same is due and payable[.]").

13. Upon the happening of a Default, the Subscription Agreement allows for and provides Plaintiff with the right to immediately terminate same and to accelerate any and all

payments remaining under the Subscription Agreement that would not have otherwise been due and owing but for the Default:

> **14. Effect of Default –** In the event of any Default, [Plaintiff] may take any one of the following actions (separately or cumulatively): (i) ***terminate this Agreement with immediate effect*** and in such case the provisions of Section 15 below shall apply . . .
>
> **15. Effect of Termination or Expiration** – In the event of termination or expiration of this Agreement, the following shall apply:
>
> The [Defendants] shall pay forthwith (without notice) to [Plaintiff] as liquidated damages, and not as a penalty, an amount . . . equal to the aggregate of:
>
>> (i) ***Unpaid payments and other amounts payable hereunder and unpaid as of the date of Default*** [(i.e., March 25, 2020)], and
>>
>> (ii) The unpaid value of:
>>
>>> (A) Any remaining Monthly Installment payable from the date of Default, and
>>>
>>> (B) Amounts otherwise payable under the Agreement, and
>>
>> (iii) ***Any Enforcement Costs*** [(which include "all costs and expenses in respect of collection, legal fees, repossession, repair of System, enforcement of [Plaintiff's] rights or remedies, sale[,] or re-lease costs or other realization costs)] incurred by [Plaintiff], and
>>
>> (iv) ***Interest thereon*** [(at the rate of eighteen percent (18%) per annum)] from the date of the Default [(i.e., March 25, 2020)] until payment in full.

*Subscription Agreement,* §§ 14-15 (emphasis added).

    14.    In connection with the above-quoted language, and because the Defendants defaulted by failing to pay all amounts due by their respective due dates or any time thereafter, the Plaintiff, by and through the undersigned counsel, delivered a Notice of Termination dated May

12, 2021 to the Defendants terminating the Subscription Agreement and demanding payment of any and all amounts due under same, including interest, costs, and attorneys' fees, as is allowable under the clear and unambiguous language of the Subscription Agreement ("Notice of Termination").  A true and correct copy of the Notice of Termination is attached hereto as **Exhibit "B"** and is incorporated into, adopted, and made a part hereof through this reference.

15. As of May 12, 2021, the Defendants — jointly and severally — owe Plaintiff:  One Hundred Two Thousand Six Hundred Ninety-Four and 23/100 ($102,694.23) Dollars, consisting of the remaining value of the Subscription Agreement, plus interest due on all amounts past due at a rate of eighteen (18%) percent per annum, compounded monthly which has accrued since March 25, 2020.

16. All conditions precedent to filing this action have been met by Plaintiff or have otherwise been waived or excused by the Defendants.

17. Plaintiff has retained the undersigned counsel to bring this action and has agreed to pay a reasonable fee for said attorneys' fees and costs; and Plaintiff is entitled to recover its attorneys' fees, costs, and expenses for bringing this action.

## COUNT I – BREACH OF CONTRACT

18. Plaintiff hereby realleges, restates, reasserts, and incorporates the allegations contained in paragraphs one (1) through seventeen (17) as if set forth at length herein.

19. This is an action against the Defendants, jointly and severally, for breach of the Subscription Agreement.

20. Plaintiff and the Defendants entered into and executed the Subscription Agreement.

21. Plaintiff fully performed under the Subscription Agreement by providing the Defendants with the Goods.

22. The Defendants have defaulted under and materially breached the Subscription Agreement by failing and refusing to pay the remaining amounts due and owing to Plaintiff pursuant to same.

23. Plaintiff has suffered damages as a result of the Defendants' material breach of the Subscription Agreement.

24. Defendants owe the Plaintiff, an aggregate amount of One Hundred Two Thousand Six Hundred Ninety-Four and 23/100 ($102,694.23) Dollars consisting of the remaining value of the Subscription Agreement, plus interest due on all amounts past due at a rate of eighteen (18%) percent per annum, compounded monthly which has accrued since March 25, 2020.

WHEREFORE, the Plaintiff, VENUS CONCEPT USA INC., respectfully requests and hereby demands judgment for liquidated damages in the sum of One Hundred Two Thousand Six Hundred Ninety-Four and 23/100 ($102,694.23) Dollars against the Defendants, WILSON GOMER MD PROFESSIONAL MEDICAL CORPORATION and WILSON GOMER, jointly and severally, together with post-judgment interest, attorneys' fees, and costs, as well as any additional relief this Honorable Court deems necessary, reasonable, equitable, just, and/or proper.

## COUNT II – BREACH OF GUARANTY

25. Plaintiff hereby realleges, restates, reasserts, and incorporates the allegations contained in paragraphs one (1) through seventeen (17) as if set forth at length herein.

26. This is an action against Gomer for breach of the Guaranty.

27. Gomer has guaranteed the performance of Gomer MD's obligations under the Subscription Agreement.

28. As a result of the Defendants' breach and default under the Subscription Agreement, Gomer is obligated to pay all amounts due and owing Plaintiff under the Subscription Agreement.

29. Plaintiff has demanded that Gomer pay to Plaintiff the amounts due and owing under the Subscription Agreement; however, Gomer has failed to make the required payments.

30. Gomer has breached the Guaranty by failing and refusing to pay Plaintiff the amounts due and owing Plaintiff under the Subscription Agreement.

31. Plaintiff has suffered damages as a result of Gomer's breach of Guaranty.

WHEREFORE, the Plaintiff, VENUS CONCEPT USA INC., respectfully requests and hereby demands judgment for liquidated damages in the sum of One Hundred Two Thousand Six Hundred Ninety-Four and 23/100 ($102,694.23) Dollars, against the Defendant, WILSON GOMER, together with post-judgment interest, attorneys' fees, and costs, as well as any additional relief this Honorable Court deems necessary, reasonable, equitable, just, and/or proper.

## COUNT III – UNJUST ENRICHMENT

32. Plaintiff hereby realleges, restates, reasserts, and incorporates the allegations contained in paragraphs one (1) through seventeen (17) as if set forth at length herein.

33. This is an action against the Defendants, jointly and severally, for unjust enrichment.

34. Plaintiff conferred to the appreciation of the Defendants certain benefits in the form of highly advanced, sophisticated, and costly medical aesthetic equipment, devices, and supplies.

35. The Defendants accepted and retained said benefits under circumstances which make it inequitable for them to have retained same without paying the value of the benefits received.

4827-1383-3193.1

WHEREFORE, the Plaintiff, VENUS CONCEPT USA INC., respectfully requests and hereby demands judgment against the Defendants, WILSON GOMER MD PROFESSIONAL MEDICAL CORPORATION and WILSON GOMER, jointly and severally, for damages, prejudgment interest, attorneys' fees and costs, as well as any additional relief this Honorable Court deems necessary, reasonable, equitable, just, and/or proper.

## COUNT IV – OPEN ACCOUNT

36.     Plaintiff hereby realleges, restates, reasserts, and incorporates the allegations contained in paragraphs one (1) through seventeen (17) as if set forth at length herein.

37.     This is an action against the Defendants, jointly and severally, for open account.

38.     At the time of filing this action, the Defendants owe Plaintiff on open account One Hundred Two Thousand Six Hundred Ninety-Four and 23/100 ($102,694.23) Dollars consisting of the remaining value of the Subscription Agreement, plus interest on all amounts past due at a rate of eighteen (18%) percent per annum, compounded monthly which has accrued since March 25, 2020.

39.     A true and correct copy of Plaintiff's Statement evidencing the outstanding and open account is attached hereto as **Exhibit "C"** and is incorporated into, adopted, and made a part hereof through this reference.

WHEREFORE, the Plaintiff, VENUS CONCEPT USA INC., respectfully requests and hereby demands judgment for liquidated damages in the sum of One Hundred Two Thousand Six Hundred Ninety-Four and 23/100 ($102,694.23) Dollars**,** against the Defendants, WILSON GOMER MD PROFESSIONAL MEDICAL CORPORATION and WILSON GOMER, jointly and severally, together with post-judgment interest, attorneys' fees, and costs, as well as any additional relief this Honorable Court deems necessary, reasonable, equitable, just, and/or proper.

## COUNT V – ACCOUNT STATED

40. Plaintiff hereby realleges, restates, reasserts, and incorporates the allegations contained in paragraphs one (1) through seventeen (17) as if set forth at length herein.

41. This is an action against the Defendants, jointly and severally, for account stated.

42. Before the institution of this action, Plaintiff and the Defendants had business transactions between them whereby they agreed to the resulting balance as demonstrated by the Defendants' signatures and execution of the Subscription Agreement and Plaintiff's furnishing and tender of the Goods. True and correct copies of the Plaintiff's Invoices evidencing the agreed upon balance are attached hereto as **Exhibit "D"** and are incorporated into, adopted, and made a part hereof through this reference.

43. The Defendants agreed and consented to the monthly installments of the Aggregate Amounts listed in the Subscription Agreement by accepting the Goods and paying a portion of the amounts due and owing from the execution of the Subscription Agreement until March 25, 2020.

44. The Defendants never objected to the amounts due and owing Plaintiff and thereby agreed to the resulting balance of same.

45. The Defendants have not paid the balance due after a reasonable time and have refused to pay, even though Plaintiff has made demand for payment upon the Defendants.

46. The Defendants remain liable to compensate Plaintiff the outstanding balance of One Hundred Two Thousand Six Hundred Ninety-Four and 23/100 ($102,694.23) Dollars.

WHEREFORE, the Plaintiff, VENUS CONCEPT USA INC., respectfully requests and hereby demands judgment for liquidated damages in the sum of One Hundred Two Thousand Six Hundred Ninety-Four and 23/100 ($102,694.23) Dollars against the Defendants, WILSON GOMER MD PROFESSIONAL CORPORATION and WILSON GOMER, jointly and severally,

together with post-judgment interest, attorneys' fees, and costs, as well as any additional relief this Honorable Court deems necessary, reasonable, equitable, just, and/or proper.

## COUNT VI – REPLEVIN

47. Plaintiff hereby realleges, restates, reasserts, and incorporates the allegations contained in paragraphs one (1) through seventeen (17) as if set forth at length herein.

48. To the extent this Honorable Court denies any and/or all of the Plaintiff's prior claims and causes of action, this is an action against the Defendants for replevin.

49. Upon best information and belief, the Defendants are in possession of the Goods.

50. The Goods are being wrongfully detained and withheld by the Defendants.

51. Plaintiff is entitled to possession of the Goods pursuant to their interest in Section 15 of the Subscription Agreement.

52. The Goods have not been taken for a tax, assessment, or fine pursuant to the law.

53. The Goods have not been taken under an execution or attachment against the property of Plaintiff for a tax, assessment, or fine pursuant to the law.

54. Plaintiff has demanded the return of the Goods and the Defendants have failed and refused to return same.

WHEREFORE, the Plaintiff, VENUS CONCEPT USA INC., respectfully requests and hereby demands judgment for possession of the Goods from the Defendants, WILSON GOMER MD PROFESSIONAL MEDICAL CORPORATION and WILSON GOMER, and damages together with attorneys' fees, costs, and any additional relief this Honorable Court deems necessary, reasonable, equitable, just, and/or proper.

[*SIGNATURE ON FOLLOWING PAGE*]

4827-1383-3193.1

DATED: May 19, 2021        Respectfully submitted,

               LEWIS BRISBOIS BISGAARD & SMITH LLP
               Attorneys for Plaintiff, *Venus Concept USA Inc*.
               110 SE 6th Street, Suite 2600
               Fort Lauderdale, Florida 33301
               Telephone: 954.728.1280
               Facsimile: 954.728.1282
               David.Hawthorne@lewisbrisbois.com
               Melissa.VanHuss@lewisbrisbois.com
               ftlemaildesig@lewisbrisbois.com

BY:    */s/ David Hawthorne*
               David M. Hawthorne
               FBN 935174

4827-1383-3193.1

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on May 19, 2021, the foregoing document was electronically filed with the Clerk of the CM/ECF system. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached service list in the manner specified, either via transmission of notices of electronic filing generated by the CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically notices of filing.

*/s/ David M. Hawthorne*
**DAVID HAWTHORNE, ESQ.**
Florida Bar No. 935174

**SERVICE LIST**

Wilson Gomer MD Professional Medical Corporation
1800 N Western Avenue Ste 103
San Bernardino, CA 92411

Wilson Gomer
1800 N. Western Avenue Ste 103
San Bernardino, CA 92411